**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **MICHAEL TODD, *ET AL.*,** | * |
| Plaintiffs, | * |
| v. | *     Case No.: GJH-15-00154 |
| | * |
| **XOOM ENERGY, LLC, *ET AL.*,** | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Plaintiffs brought this action to recover damages for Defendants' allegedly fraudulent and deceptive advertising practices. ECF No. 57. Pending before the Court is a discovery dispute. Plaintiff Elizabeth Donnellon moves this Court to quash subpoenas issued to her primary care doctor, chiropractor, and acupuncturist on July 20, 2018. ECF No. 100. Defendants filed an Opposition. ECF No. 103. No hearing is necessary. For the following reasons, Plaintiff Donnellon's Motion to Quash is granted.

Defendants deposed Donnellon on January 22, 2018. ECF No. 103-1.[1] At the deposition, Defendants' counsel asked Donnellon when she lived at various addresses. *Id.* at 3. She had difficulty remembering these dates, and Defendants' counsel asked her to explain this difficulty; she answered this way: "I suffer from anxiety and some sort of distress. So that's why I can't remember the years and stuff like that, exactly when I moved." *Id.* at 3:16–18. When asked whether she had ever seen a doctor for what Defendants' counsel characterized as her "memory issues," *id.* at 7:22–8:1, Donnellon explained that she had seen doctors for what was more

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

appropriately characterized as "anxiety issues," *id.* at 8:2–13. As she put it, "I call them memory issues, but I think its anxiety issues. If I get too stressed out with, like, especially my past, and my personal life, I get like this." *Id.* at 8:12–15. When Defendants' counsel continued to describe Donnellon's anxiety as "memory issues," Donnellon pushed back: "Like I said, it's not memory issues, it's anxiety issues." *Id.* at 8:18–21. She testified that to treat her anxiety she sees her primary care doctor, an acupuncturist, a chiropractor, and she does yoga. *Id.* at 4:2–3, 8:2–17, 9:2–4.

Based on this testimony, Defendants issued record subpoenas on July 20, 2018 from this Court to Donnellon's primary care physician, chiropractor, and acupuncturist, each of whom are located in Maryland. The subpoenas seek production of:

> All medical records, physicians' records, surgeons' records, x-rays, CAT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films, pathology materials, slides, tissues, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, pharmacy records, records of drug abuse and alcohol abuse, HIV/AIDs diagnosis or treatment, physicals and histories, nurses' notes, patient intake forms, correspondence, psychiatric records, psychological records, social worker's records, disability records, disability determination records, insurance records, consent for treatment, statements of account, bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of Elizabeth del Carmen Donnellon.

The subpoenas commanded that these records be mailed to Defendants' counsel at their Washington, DC location by 9:00AM on August 20, 2018. Ahead of the August 20 deadline, on August 17, 2018, Plaintiff Donnellon timely moved to quash these subpoenas. ECF No. 100. On August 27, the records Defendants had subpoenaed from Donnellon's primary care doctor were delivered to Defendants' counsel. ECF No. 103 at 4. Defendants filed their opposition to Donnellon's Motion to Quash on August 31, 2018. ECF No. 103.

2

Per Federal Rule of Civil Procedure 45(d)(3)(A)(iii), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Although motions to quash subpoenas are generally brought in "the court for the district where compliance is required," Rule 45 "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, 2014 WL 2559285, at *1 (M.D.N.C. June 6, 2014) (quoting *Vilma v. Goodell,* 2012 WL 4926993, at *3 (E.D. La. Oct. 16, 2012). "Pursuant to the Court's inherent right to control discovery in this matter, it is empowered to enter an order preventing certain discovery from taking place." *Id. See also Fincher v. Keller Indus., Inc.,* 129 F.R.D. 123 (M.D.N.C.1990) (denying plaintiff's efforts to subpoena non-parties in different jurisdictions than where action was pending); *Static Control Components, Inc. v. Darkprint Imaging,* 201 F.R.D. 431 (M.D.N.C.2001) (same). Ultimately, while Rule 45 obligates "the district where compliance is required" to "quash or modify a subpoena" that involves "disclosure of privileged or other protected matter," it does not expressly disallow the court in which the action is pending from doing the same.[2] Thus, this Court will exercise its discretion to control discovery in this matter and review the merits of Donnellon's motion.

Turning to the substance of Donnellon's motion, the Court finds that the subpoenas are improper because they require disclosure of privileged medical records and no waiver or

---

[2] Indeed, it would be counterproductive to apply a rule designed to protect third-parties from having to litigate motions to quash in distant jurisdictions where, as here, the result would be to transfer a motion filed by a party in this case to a judge in a courthouse that can be reached by a cab or Metro ride from the presiding judge's courthouse but who would be completely unfamiliar with the case. Such a result would also be plainly inconsistent with Federal Rule of Civil Procedure 1, which instructs that the rules should be administered in a way to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

exception applies. The District of Columbia—the jurisdiction in which the subpoenas command performance—prohibits a physician "without the consent of the client, or of his legal representative, to disclose any information, confidential in its nature, that he has acquired in attending a client in a professional capacity and that was necessary to enable him to act in that capacity, whether the information was obtained from the client or from his family or from the person or persons in charge of him." DC Code § 14-307(a). This District of Columbia privilege statute specifies that it applies in both state and federal court. *Id.* A party waives his medical-records privilege if he places his medical condition at issue through the filing of the lawsuit. *Sklagen v. Greater Se. Cmty. Hosp.*, 625 F. Supp. 991, 992 (D.D.C. 1984). "Such a waiver is generally limited" so that "only those medical records 'directly relevant to the lawsuit'" are discoverable. *Cappetta v. GC Servs. L.P.*, 266 F.R.D. 121, 126 (E.D. Va. 2009) (quoting *Vasconcellos v. Cybex Int'l, Inc.*, 962 F.Supp. 701, 709 (D. Md. 1997)).

Here the subpoenas—which request "all medical records"—clearly require disclosure of materials subject to the medical-records privilege. Plaintiff Donnellon has not consented to the release of her medical records either expressly or implicitly by waiving her rights through the filing of the suit. Plaintiff Donnellon has alleged claims related to deceptive and fraudulent advertising—these claims do not involve her medical condition, and she has not injected medical issues into the litigation thus far. Even to the extent that Defendants' dubious characterization of Donnellon's "anxiety issues" as "memory issues" holds up, Donnellon's memory is not "directly relevant" to the claims asserted but only relevant to an ancillary issue (i.e. Donnellon's credibility). In any event, it is a stretch to suggest Donnellon's testimony indicates she has a medical condition affecting her memory that warrants discovery into her condition. Instead, the

4

deposition transcript suggests that Donnellon struggled to recall certain dates because she felt stressed during the deposition. ECF No. 103-1 at 3:16–18, 8:12–15.

Finally, Defendants incorrectly argue that the motion to quash is partially moot because Donnellon's primary care physician already produced Donnellon's medical records. The claim of privilege is not moot because under Rule 45(e)(2)(B), if "information produced in response to a subpoena is subject to a claim of privilege," the party that received the information "must promptly return, sequester, or destroy the specified information and any copies it has" after notification of the privilege claim. Fed. R. Civ. P. 45(e)(2)(B). Here, Donnellon's Motion to Quash, in which she claimed the subpoenas requested "protected health information," ECF No. 100 at 2, served as notice to the Defendants that medical records from her primary care doctor were considered privileged.

For the foregoing reasons, Plaintiff Donnellon's Motion to Quash is granted. A separate Order shall issue.

Date: <u>October   17, 2018</u>                    __/s/_____
                                                                GEORGE J. HAZEL
                                                                United States District Judge